IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARVIS LAMAR JOHNSON**                                                                    **PLAINTIFF**

v.                                           **CIVIL ACTION NO.: 3:21-cv-88-KHJ-MTP**

**CARRIE WILLIAMS et al.**                                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Motion of Nurse Alexia Sanders to Dismiss [23]. Having considered the record and the applicable law, the undersigned recommends that the Motion of Nurse Alexia Sanders to Dismiss [23] be denied without prejudice.

On February 3, 2021, Plaintiff filed his Complaint [1] alleging that his constitutional rights were violated during his incarceration at Central Mississippi Correctional Facility. On July 23, 2021, Defendant Alexia Sanders filed a Motion to Dismiss [23] pursuant to Fed. R. Civ. P. 12(b)(6). In the Motion, Defendant Sanders argues that Plaintiff has named Defendant Sanders as a Defendant only in her official capacity, and that she is not a "person" in her official capacity under §1983. *See* [24] at 2.

Federal Rule of Civil Procedure 12(b)(6) requires the plaintiff to state a claim upon which relief can be granted. When considering whether the plaintiff has failed to state a claim upon which relief can be granted, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 425 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Because Plaintiff is a *pro se* litigant, his complaint is to be liberally construed. Moreover, when addressing a motion to dismiss, the

court must accept the Plaintiff's factual allegations as true. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

To establish a § 1983 failure to protect claim against a prison official, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In his Complaint, Plaintiff checked a box indicating that he only named Defendant Sanders in her official capacity. *See* [1] at 2. However, Plaintiff alleges that Defendant Sanders told an inmate that she would "pay [the inmate] in drugs to be[at] [Plaintiff] up" and that the inmate "start[ed] beating up on [him]." *Id.* at 5. Liberally construing Plaintiff's allegations, he has alleged facts sufficient to support a failure to protect claim against Defendant Sanders in her individual capacity. Moreover, the undersigned desires to conduct a *Spears*[1] hearing, during which Plaintiff will have an opportunity to clarify and amend his allegations. *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion of Nurse Alexia Sanders to Dismiss [23] be DENIED without prejudice to contest the sufficiency of the Plaintiff's allegations after a *Spears* hearing.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THIS the 11th day of January, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE