IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARVIS LAMAR JOHNSON**                                                                **PLAINTIFF**

v.                                                                    CIVIL ACTION NO.: 3:21-cv-88-KHJ-MTP

**CARRIE WILLIAMS et al**                                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [42] filed by Defendant Alexia Sanders and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [44] filed by Defendants Morriah L. McElroy, Donald Mitchell, Tameika Reece, Janice Smiley, and Carrie Williams. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motions for Summary Judgment [42] [44] be granted and this action be dismissed without prejudice.

### BACKGROUND

On February 3, 2021, Plaintiff Carvis Lamar Johnson, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was a post-conviction inmate at Central Mississippi Correctional Facility ("CMCF").[1] The events contained in Plaintiff's Complaint [1] occurred on three separate dates.

According to Plaintiff, on December 5, 2020, he heard Defendants Nurse Alexia Sanders, Morriah L. McElroy, and Janice Smiley tell an inmate they would pay him in drugs to attack Plaintiff. *See* Omnibus Order [33]. On December 28, 2020, Plaintiff claims that Defendant Tameika Reece watched an inmate attack Plaintiff. Plaintiff claims that Defendant Reece spoke

---

[1] The docket and MDOC inmate locator indicate that Plaintiff has been moved to East Mississippi Correctional Facility. *See* Change of Address [35] [37]; *see also* https://www.ms.gov/mdoc/inmate/Search/GetDetails/109384 (last visited Mar. 6, 2023).

1

to Defendant Mitchell about Plaintiff yelling at her. Plaintiff alleges that Defendant Mitchell came up to Plaintiff with a gun or rifle and hit him with it. Plaintiff claims that Defendants Mitchell, Reece, and McElroy hit Plaintiff on camera and then dragged him off camera so that they could continue to beat and kick him.

On January 10, 2021, Plaintiff alleges that Defendant Dial Mile tried to break Plaintiff's arm through the tray flap around 7:30 a.m. when he was delivering breakfast to the inmates. Plaintiff claims that he never received medical attention after any of the incidents. As relief, Plaintiff seeks $830,000.00 in monetary damages.

On September 2, 2022, Defendant Alexia Sanders filed her Motion for Summary Judgment [42] arguing that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies. On September 8, 2022, Defendants Morriah L. McElroy, Donald Mitchell, Tameika Reece, Janice Smiley, and Carrie Williams filed their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [44]. Plaintiff did not respond to the Motions, and the time to do so has expired. This matter is now ripe for review.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the

2

action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to

determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.  Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)).  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities.  Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[2] at Ch. VIII.

The ARP is a two-step process.  An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident.  If, after screening, the grievance or request is accepted into the ARP, an

---

[2] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited Mar. 6, 2023).

official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

Plaintiff submitted an administrative remedy request for each of the alleged incidents in this matter. However, Defendants argue that Plaintiff failed to complete the process as required and that his claims should be dismissed for failing to exhaust available administrative remedies. In support of their Motions [42] [44], Defendants filed affidavits from Le Tresia Stewart, a custodian of the ARP program at CMCF, along with copies of Plaintiff's relevant grievances. *See* [42-1]; [44-1].

**December 5, 2020**

Plaintiff filed a grievance complaining that on December 5, 2020, he heard Defendants Sanders and Smiley offer inmates drugs to beat him up. *See* [44-1] at 3-4. Plaintiff also complains that Defendant Williams transferred him to a unit that he did not like, that unspecified officers allowed other inmates to take Plaintiff's belongings, and that Defendant McElroy was bringing illegal drugs into the prison. *Id*. As relief, Plaintiff sought for the Defendants to be fired from their positions. *Id.* at 3.

According to Stewart, Plaintiff's grievance relating to the December 5, 2020 incident was rejected for failing to comply with the program requirements. *Id*. at 1. Plaintiff's request contained allegations related to multiple incidents and requested for staff members to be fired, neither of which are permitted by the ARP. *Id*. at 2. Stewart states that the grievance was returned to Plaintiff along with written notification about "How to Enter the ARP Process," and Plaintiff never submitted an amended grievance that complied with the ARP process. *Id*. at 1.

5

Pre-filing exhaustion is mandatory, and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing this complaint." *Gonzalez*, 702 F.3d at 788. Plaintiff failed to exhaust his administrative remedies for the December 5, 2020 incident and he failed to respond to the Motions for Summary Judgment [42] [43] or provide any information to explain why he did not do so.[3] Thus, the undersigned recommends that Plaintiff's claims related to the December 5, 2020 incident be dismissed without prejudice.

**December 29, 2020**

According to another grievance submitted by Plaintiff, on December 29, 2020, Defendant Reece allowed seven inmates to hit him and did not intervene. *Id.* at 8. Plaintiff claims that Defendant Mitchell then put him in a holding tank, and that Defendants Reece and Mitchell kicked him multiple times.

On January 14, 2021, Plaintiff's grievance was returned to him for failing to specify the relief sought. *Id*. at 10. On February 3, 2021, the same day that Plaintiff filed his Complaint [1] in this matter, Plaintiff responded to the rejection stating that he wants the officers to be fired from their positions. *Id.* at 11. The grievance was then rejected on the basis that "[t]he Administrative Remedy Program cannot accept requests for staff to be disciplined…." *Id.* at 9. The grievance was returned to Plaintiff, and he was again provided written notification about how to enter the ARP process. *Id.* at 6. Stewart states that Plaintiff never resubmitted an amended grievance. *Id*. at 5.

---

[3] In fact, Plaintiff has not contacted the Court or filed anything of record since filing a Change of Address on June 30, 2022. *See* Notice [35].

The record demonstrates that Plaintiff failed to exhaust his administrative remedies for his claims relating to December 29, 2020 prior to filing suit in this court, and he failed to respond to the Motions for Summary Judgment [42] [43] or provide any information to explain why he did not do so. Accordingly, his December 29, 2020 claims should be dismissed.

***January 10, 2021***

Plaintiff filed an administrative remedy request stating that on January 10, 2021, Defendant Dial Mile grabbed Plaintiff's arm and attempted to break it. *See* [44-1] at 7. Plaintiff claims that he asked Defendant Williams for medical attention, but that his request was denied. *Id*. Plaintiff again asked for the officers to be fired. *Id*.

Plaintiff filed the instant action on February 3, 2021, *prior* to receiving a response to this grievance. On February 22, 2021, nineteen days after his Complaint [1] was filed, Plaintiff's ARP request was rejected on the basis that the ARP "cannot accept requests for staff to be disciplined." *Id*. at 9. According to Stewart's affidavit, Plaintiff never resubmitted the grievance. *Id*. at 5. Plaintiff failed to complete the ARP process for the claims contained in this grievance, and he failed to respond to the Motions for Summary Judgment [42] [43] and did not provide any explanation about why he did not. Even so, administrative remedies must be exhausted before filing suit. *Gonzalez*, 702 F.3d at 788. Accordingly, Plaintiff's January 10, 2021 claims should be dismissed for failing to exhaust administrative remedies.

***Defendant "Dial Mile"***

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In addition, special rules govern the procedure for service of process in

7

cases filed by plaintiffs proceeding *in forma pauperis*. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Pursuant to 28 U.S.C. § 1915, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal . . . . The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). Thus, "[o]nce the *in forma pauperis* plaintiff has taken steps to identify the defendant(s), the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Lindsey*, 101 F.3d at 446. However, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them. *Verrette v. Majors*, 2008 WL 4793197, at *2 (W.D. La. Oct. 31, 2008) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

Plaintiff named "Dial Mile" as a defendant. Because Plaintiff was proceeding in this matter *in forma pauperis*, the Court requested the defendants to waive service of process. *See* Order [11]. On June 11, 2021, in response to the Court's Order [11], the MDOC waived service of process for the defendants employed by MDOC but stated that it has no record of a Dial Mile having ever been employed there. The Court then directed Plaintiff to provide more identifying information, such as a current address, so that the Court could serve process on the defendant. *See* [17]. Plaintiff was warned that failure to provide this additional information may result in Dial Mile being dismissed as a defendant. *Id*. On July 6, 2021, Plaintiff filed his response to the Order but did not provide information so that Dial Mile could be served with process.

During the *Spears* hearing, the Court directed the MDOC Defendants to produce to Plaintiff information about the male officers that were on duty during the time when Plaintiff

8

alleges the incidents occurred with "Dial Mile." *See* [33] at 1. Plaintiff never provided the Court with additional information so that Dial Mile could be served with process, and he remains unidentified and unserved. Accordingly, Dial Mile should be dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 4(m).

Plaintiff's allegations against Defendant Dial Mile are contained in the same administrative remedy requests that were discussed above. For the reasons previously stated, Plaintiff failed to exhaust his administrative remedies for those grievances. Plaintiff's claims against Defendant "Dial Mile" should likewise be dismissed without prejudice for failure to exhaust. *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir.2001) (holding that the district court did not err in allowing the defaulting defendants to benefit from the appearing defendants' favorable summary judgment motion); *see also Blake v. McCormick,* No. 5:06cv273, 2007 WL 1671732, at *5 (S.D. Tex. June 8, 2007) (holding that the affirmative defense of exhaustion raised by the defendants in their motions for summary judgment "inures to the benefit of any unserved or defaulting defendants").

## RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. The Motion for Summary Judgment [42] filed by Defendant Alexia Sanders be GRANTED,

2. The Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [44] filed by Defendants Morriah L. McElroy, Donald Mitchell, Tameika Reece, Janice Smily, and Carrie Williams be GRANTED,

3. Plaintiff's claims against Defendant Dial Mile be dismissed without prejudice, and

4. This action be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 7th day of March, 2023.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE
